# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES CUNNINGHAM,                         :

      Petitioner,                    :        Case No. 3:13-cv-129

                                        :        District Judge Walter Herbert Rice
    -vs-                                                 Magistrate Judge Michael R. Merz
                                        :

ERNIE MOORE, Warden,
  Lebanon Correctional Institution
                                        :

      Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Charles Cunningham's Petition for Rehearing to Reconsider the Court's decisions of October 21 and 25, 2013 (Doc. No. 13). Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations. Because Petitioner is proceeding *pro se*, he is entitled to a liberal construction of his papers and the Magistrate Judge therefore construes the Petition as a motion to alter or amend the judgment, timely filed under Fed. R. Civ. P. 59(e).

Cunningham never filed a reply to the Return of Writ, although a date was set for a reply in the Order for Answer (Doc. No. 2). Cunningham claims he never received service of that Order, but the docket reflects that a copy was sent to him at his current address on the date the Order was filed. That mail has never been returned, nor have any of the other orders sent by the Clerk to Cunningham.

1

Having waited the twenty-one days provided for a reply plus additional time for receipt by ordinary mail, the Magistrate Judge proceeded to analyze the case on the merits and filed a Report and Recommendations on September 18, 2013 (Doc. No. 8).  The Report advised Cunningham of the time within which he must file objections, to wit, not later than October 7, 2013.  That Report was also mailed to Cunningham and he did not file any objections within the time allowed by law.  When he finally did send Objections, they were mailed on October 21, 2013, two weeks after the deadline (Objections, Doc. No. 11, PageID 4451).  By that time Judge Rice had already adopted the Report and dismissed the case with prejudice on October 21, 2013, the same day he mailed the Objections.

Cunningham complains that, when he mailed his Objections, he had no way of knowing that Judge Rice had entered judgment.  That is true, but immaterial; once the time for filing objections under Fed. R. Civ. P. 72 had passed, Petitioner had no right to file objections and have them considered on the merits.  Neither *Bounds v. Smith,* 430 U.S. 817 (1977), nor Article I, § 16 of the Ohio Constitution has any bearing on the question.  *Bounds* did not purport to give prisoners different filing deadlines for objections to magistrate judge reports and recommendations and the Ohio Constitution does not govern practice in federal court.

Cunningham contends the Magistrate Judge abused his discretion and committed plain error in striking his late objections and denying his post-judgment motion for appointment of counsel (Motion, Doc. No. 13, PageID 4465).  He cites no law in support of these assertions. There is no right to file post-judgment objections to a report and recommendations, nor is there any right to have counsel appointed in a habeas case, particularly post-judgment.

      The Petition for Rehearing should be DENIED.

November 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).